# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM E. BECKWITH,

        Plaintiff-Appellant,

and

SHALING BECKWITH,

        Plaintiff,

v

DAMIAN D. NUNZIO, DAMIAN D. NUNZIO,
P.C., and UNKNOWN INSURER,

        Defendants-Appellees.

UNPUBLISHED
December 30, 2014

No.   317549
Kent Circuit Court
LC No.   11-007474-NM

Before:  M. J. KELLY, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

The trial court granted summary disposition to defendant on the grounds of MCR 2.116(C)(10) (no genuine issue of material fact).  We affirm.

Following plaintiff's convictions in a criminal matter, he brought this suit against defendant, his criminal defense attorney.  Plaintiff's complaint in essence alleged that defendant should have done more in terms of plaintiff's defense at trial and on appeal.  The trial court granted summary disposition in favor of defendants.  Plaintiff now appeals and we affirm.

Plaintiff first argues that the trial court erred in denying his motion for leave to file an amended complaint.  We review the trial court's decision denying leave to amend under the abuse of discretion standard.  *Boylan v Fifty Eight LLC,* 289 Mich App 709, 727; 808 NW2d 277 (2010).  An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes.  *Maldonado v Ford Motor Co,* 476 Mich 372, 388; 719 NW2d 809 (2006).  A trial court does not abuse its discretion in denying leave to amend when amendment would be futile.  MCR 2.116(I)(5).  Plaintiff argues that his amended complaint is vastly improved over his original complaint; however, realistically, the complaint is almost identical in true substantive matter.  The amended complaint, while possibly better organized and clearer, does nothing to actually change the claims from the original complaint.  Accordingly, allowing the amendment would be futile.  The trial court summarized the issue well:

-1-

Beckwith's response simply does not raise any genuine issue of material fact and it is clear that Nunzio is entitled to summary disposition of the current operative complaint. At issue then is whether the Court should allow amendment of the pleadings. MCR 2.116(1)(5) provides that parties should be given the opportunity to amend their pleadings when granting a (C)(10) motion for summary disposition "unless the evidence then before the court shows that amendment would not be justified." Respectfully, amendment is not justified in this case. The proposed second amended complaint contains many vague allegations similar to those in the prior complaints. There is still no evidence to support these claims. All indications are that if amendment were allowed, there would just be another summary disposition motion and the result would be the same. It is approaching two years since this action was filed, and Beckwith was already given the opportunity to amend his complaint in response to the last summary disposition motion. He has also been given an opportunity to provide evidentiary support showing an issue of fact regarding the five issues that survived the last summary disposition motion. He did not provide any such support and instead he attempts to rephrase some of the claims with the assistance of a new "jailhouse lawyer". There has been undue delay and amendment appears futile at this time. The Court also believes that under these circumstances it would unduly prejudice defendants to allow Beckwith to start over with a new complaint at this late stage.

The trial court did not abuse its discretion in denying the motion to amend the complaint.

Next, plaintiff argues that the trial court erred in granting summary disposition before the completion of discovery. While summary disposition under MCR 2.116(C)(10) should not ordinarily be granted before the close of discovery, it is not premature when, as here, there is no fair likelihood that further discovery will yield support for the nonmoving party's position. *Liparoto Constr, Inc v General Shale Brick, Inc,* 284 Mich App 25; 772 NW2d 801 (2009). Simply put, plaintiff did not identify what additional evidence would have been discovered that would have prevented the granting of summary disposition, particularly given that he had already had two years in which to discover that additional evidence.

We next turn to plaintiff's argument that the trial court erred in failing to award sanctions based upon an inaccurate statement in an affidavit relied upon by defendant. Specifically, counsel had made reference to a statement in the affidavit that was, in fact, omitted from the affidavit. When this omission was pointed out, counsel offered to remedy the problem. MCR 2.114(E) clearly indicates that such sanctions are to recompense the injured party for any expenses, including attorney fees, occasioned by the filing of the erroneous documents and that sanctions are not to be punitive. There is no indication here that plaintiff suffered any financial harm as a result of the omission in the affidavit.

As for plaintiff's remaining two issues, neither have anything to do with this case. Plaintiff argues that the Michigan Department of Corrections has impeded plaintiff's access to the courts and should regulate jailhouse lawyers. Even if true, this is a claim to be brought against the MDOC, not against defendants. Plaintiff also argues that the circuit court has the authority to issue a writ of habeas corpus if a convicted person demonstrates that he has received

ineffective assistance of counsel.  That, however, does not present an issue in plaintiff's legal malpractice claim.

        Affirmed.  Defendants may tax costs.

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Joel P. Hoekstra
